IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CERAMEDIC LLC, | ) |
| Plaintiff/Counterclaim-Defendant, | ) Civil Action No. 3:14-cv-1689 |
| v. | ) |
| BIOMET, INC., | ) |
| Defendant/Counterclaim-Plaintiff. | ) |

**DEFENDANT BIOMET'S UNOPPOSED MOTION TO STAY**

Defendant Biomet moves to stay this case pending resolution of the related case against CeramTec—the manufacturer and sole supplier of the material plaintiff CeraMedic accuses of infringing. Biomet and other medical device companies buy and resell components with the accused CeramTec material as part of medical implants. CeraMedic sued CeramTec and four of its customers in three different forums for infringement of the same patent based entirely on the accused CeramTec material. This Court should use its inherent powers to stay this customer suit, pending resolution of the related manufacturer suit, because the lawsuit against CeramTec will eliminate or simplify the issues involving Biomet without prejudicing CeraMedic, all while promoting judicial economy and avoiding potential inconsistent rulings.

CeraMedic does not oppose the motion to stay in this suit or in any of the customer suits so that the patent dispute may be litigated between the real parties in interest in a single suit against the manufacturer CeramTec.

**Background**

CeraMedic sued Biomet for infringement of its patent for a ceramic material used in medical implants.  *Complaint*, Doc. 1 at ¶ 6.  CeraMedic limits its claim of infringement to Biomet products with BIOLOX delta ceramic material.  *Id*. at ¶¶ 8-11, 14, 18-20.

The accused BIOLOX delta material is manufactured by CeramTec.  *Id*. at ¶ 7. CeramTec is an innovator in the field of medical ceramics and a leading supplier of ceramic components for joint replacements.  When joints are damaged by arthritis or excessive wear, the joint may be replaced with a prosthesis.  CeramTec developed the BIOLOX delta ceramic material for the components that continuously rub against each other in a joint prosthesis.



CeramTec sells these ceramic components to medical device companies like Biomet.  The medical device companies combine the CeramTec ceramic components with other components to create the final prosthesis.  For example, CeramTec manufactures a ceramic cap and ball for medical device companies to combine with a metal shell and stem used in hip replacements.

CeraMedic has sued CeramTec for infringement of the same patent asserted in this case. *Complaint*, Ex. 1 at ¶ 5.  As in the Biomet complaint, CeraMedic limits its claim of infringement against CeramTec to the BIOLOX delta material.  *Id*. at ¶¶ 19-25.  Although the lawsuit was originally filed in South Carolina, the parties have agreed to a procedure where the case against CeramTec will be refiled in this District.

CeraMedic has sued other BIOLOX delta customers for infringement in this district and elsewhere.  In this district, CeraMedic has sued CeramTec customers Zimmer and DePuy. *Complaints,* Exs. 3 and 4.  CeraMedic has also sued CeramTec customer Smith & Nephew in the

Western District of Tennessee. *Complaint,* Ex. 5. In all customer cases, CeraMedic accuses the medical device company of infringing the same claims of the same patent under 35 U.S.C. § 271(a) through making, using, offering to sell, selling, and/or importing medical implants using BIOLOX delta ceramic material from CeramTec and 35 U.S.C. § 271(g) through importing, using, and selling products that incorporate BIOLOX delta. *Compare Infringement Contentions*, Exs. 6-9 at p. 1 of each.

CeraMedic filed the customer suits between June 27 and August 1 of this year, and each case is still in its infancy. Each customer defendant has answered and CeraMedic has served preliminary infringement contentions on each customer defendant, but no further activities have taken place. The parties have not yet met under Rule 26(f) for their initial conference.

CeramTec has agreed to indemnify all of the customer defendants, including Biomet, against CeraMedic's patent infringement claims involving BIOLOX delta. The same counsel represents CeramTec and each of the customer defendants.

Biomet has agreed to be bound by infringement and validity determination in the case against the manufacturer CeramTec if this Court stays this action pending resolution of the manufacturer case.

Each of the customer defendants has filed a similar unopposed motion to stay their case pending resolution of the related patent case against the manufacturer CeramTec.

### Argument

The Court should stay this and the other two customer suits before it pending resolution of the related lawsuit against the manufacturer CeramTec in South Carolina. Resolution of the manufacturer case will resolve all issues related to the customers through res judicata, consent, or patent exhaustion. CeramTec, as the manufacturer of the accused components and indemnifier of the customer defendants, possesses the knowledge and incentive to defend this case. Staying

the customer suits will conserve judicial resources by eliminating the need to proceed with multiple cases in multiple forums that might produce inconsistent results.  Finally, the concept of the "customer suit" exception in patent litigation favors proceeding with the lawsuit against the manufacturer while staying the related litigation against the customers like Biomet.

## A. Courts favor staying customer patent suits pending resolution of the related manufacturer suit

Courts possess the inherent power to stay overlapping litigation for the sake of judicial economy.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  When deciding whether to grant a stay, courts balance the competing interests of the parties and the interest of the judicial system.  *Id.* at 254-55.  In this district, courts often consider the following factors when deciding whether to stay an action: (1) whether a stay will simplify the issues in question and streamline the trial (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (3) whether a stay will reduce the burden of litigation on the parties and on the court, and (4) whether the litigation is at an early stage.  *Tonn & Blank Constr., LLC v. Sebelius*, 968 F. Supp. 2d 990, 993 (N.D. Ind. 2013) (citations omitted).  *See also Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) ("(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.") (citations omitted).

In patent litigation, courts use their power to stay customer suits and proceed with related cases against the manufacturer.  While courts often proceed with the first filed action and stay related subsequent suits, the "customer suit" exception favors proceeding with a later filed manufacturer patent suit while staying earlier filed customer suits.  *Katz v. Lear Siegler, Inc.*, 909

F.2d 1459, 1464 (Fed. Cir. 1990) (affirming stay of customer patent suits pending later filed patent suit involving manufacturer of accused infringing goods). Under the customer suit exception, infringement suits involving the manufacturer of allegedly infringing goods take precedence over similar suits against the manufacturer's customers. *Id*. The manufacturer is "the true defendant in [a] customer suit" because the "manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Codex Corp. v. Milgo Elecs. Corp*., 553 F.2d 735, 737-38 (1st Cir.), *cert. denied*, 434 U.S. 860 (1977) (cited by *Katz*, 909 F.2d at 1464).

Courts prefer to stay customer patent suits to "facilitate just, convenient, efficient, and less expensive determination." *See In re Nintendo of Am., Inc.,* 756 F.3d 1363, 1365-66 (Fed. Cir. 2014) (citations omitted) (ordering the district court on mandamus to sever and transfer the action against the manufacturer of the alleged infringing goods while staying the related customer suits). A primary consideration for staying the customer suits is whether the manufacturer, as the true defendant in the customer suit, can resolve or simplify the case against the customers through litigating the manufacturer suit. *Katz*, 909 F.2d at 1464 ("Although there may be additional issues involving the defendants in the [customer] action, their prosecution will be advanced if [the patent owner] is successful on the major premises being litigated in [the manufacturer case], and may well be mooted if he is unsuccessful.").

**B. Staying the customer suits will allow the manufacturer suit to simplify or eliminate the claims against the customer defendants**

Resolution of CeraMedic's claims against the manufacturer CeramTec will resolve most, if not all, of the issues against the customers. For example, if the manufacturer succeeds in its defenses of invalidity, then CeraMedic may not assert its patent against any CeramTec customer because collateral estoppel prevents CeraMedic from getting a second bite at the apple on these

common issues that it already lost. *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971) (finding that collateral estoppel from prior determination of invalidity may prevent patent owner from later asserting patent against other infringers).

As another example, if CeraMedic settles the manufacturer suit and licenses CeramTec, then CeraMedic still could not pursue additional compensation from the customers for authorized sales under the United States patent rights granted by the license because the manufacturer license exhausts the patent rights against later use or resale of the licensed product by others. *See Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) (finding that the sale of products manufactured by a licensee exhausts the patent owner's rights with respect to those products).

Even if the manufacturer suit does not somehow resolve all the issues against the customers, the suit against CeramTec at least will reduce and simplify any remaining issues. The customers have agreed to be bound by the determinations of infringement and validity of the patent in the CeramTec case, contingent on a stay of the customer suits. As a result, most, if not all, of the relevant issues will be resolved by the manufacturer suit. *Katz*, 909 F.2d at 1464 (staying case against customers even when there may be additional issues not addressed in the manufacturer suit).

Accordingly, a stay of the customer suits will allow the lawsuit against manufacturer CeramTec to eliminate or simplify any remaining issues against the customer defendants, thereby avoiding the harm to the customer defendants resulting from having to participate in unnecessary and duplicative litigation.

**C. Staying the customer suits will not unduly prejudice or tactically disadvantage CeraMedic**

A stay of the customer suits will not prejudice CeraMedic. CeraMedic will be able to pursue the same patent claims against the manufacturer of the accused infringing ceramic products from the customer suits. As discussed above, the case against CeramTec should fully compensate CeraMedic for any alleged harm for the resale of the BIOLOX delta components by the customer defendants. If for some reason CeraMedic has a claim for additional compensation against the customer defendants after the manufacturer suit, CeraMedic still would be allowed to pursue those claims, but with most issues already resolved or simplified. Further, CeraMedic agreed not to oppose the motion to stay in this and the other customer suits.

**D. Staying the customer suits will conserve resources and avoid inconsistent rulings**

This Court can promote judicial efficiency by staying the multiple customer suits in favor of the single suit against the manufacturer. CeraMedic is currently pursuing five different lawsuits in three different forums involving the same BIOLOX delta ceramic material. Left unabated, the parties could face different deadlines and disclosure requirements in different forums. The parties would have to brief the same issues—like claim construction, infringement, and invalidity—possibly in different courts. The customer defendants would face the rigorous discovery obligations placed on a party to a lawsuit, even though they have little to add to the dispute. With a stay of the customer suits, the true parties in interest, CeraMedic and CeramTec, can more efficiently address the issues common to all defendants in a single forum.

A stay would also avoid the potential of inconsistent rulings from different courts. For example, the court must construe the terms of the patent claims as a question of law as the first step of any infringement or invalidity analysis. *Markman v. Westview Instruments, Inc.*, 517

U.S. 370, 384-91 (1996). If the three courts construe the claim terms in different ways, then the parties would be left to struggle with the results of inconsistent rulings across different forums.

By staying all but the single suit against the manufacturer, the parties and courts can avoid the harms caused by unnecessary litigation and inconsistent rulings.

### E. The "customer suit" exception favors staying this action because the manufacturer is the true defendant

In patent litigation, the customer suit exception has developed to favor the patent suit against the manufacturer over related suits against customers and resellers of the accused products. *Katz*, 909 F.2d at 1463-64. While the analysis of applying the customer suit exception largely overlaps with the traditional analysis used in this district for staying cases in general, whether to apply the customer suit exception additionally depends in part on identifying the "true defendant" of the patent dispute. *Id.* at 1464 (citation omitted).

CeramTec, as the manufacturer, is the "true defendant" for the claims against its customers. CeraMedic targets only BIOLOX delta products in its lawsuits. *Infringement Contentions*, Exs. 6-9 at p. 1 of each. CeramTec is the only source for BIOLOX delta. CeramTec naturally has a business incentive to defend and handle the patent infringement allegations. Further, CeramTec has agreed to indemnify and defend the customer defendants from the patent infringement claims asserted by CeraMedic. CeramTec bears the greatest financial and business incentive to defend this dispute.

The customers are mere resellers of the asserted invention. While the customer defendants often combine the BIOLOX delta components with other components to create the final medical implant, the asserted claims are limited to the material itself and not the final medical implants sold by the customer defendants. CeraMedic's asserted patent claims are limited to the ceramic material and the methods of making the material. *Infringement*

*Contentions*, Exs. 6-9 at p. 1 of each (asserting claims 7, 11, 14, and 26); *Patent,* Ex. 2 at col. 15-17 (claims 7 and 11 directed to a method to create a sintered material and claims 14 and 26 directed to a sintered material).

CeramTec, as the manufacturer, is in a better position to defend against many of the asserted patent claims.  CeraMedic accuses the customer defendants of infringing a method to manufacture the ceramic material.  *Infringement Contentions*, Exs. 6-9 at p. 1 of each (alleging infringement of claims 7 and 11); *Patent*, Ex. 2 at col. 15 (claims 7 and 11 directed to a method of making a sintered material).  CeramTec, not any of its customers, manufactures the accused ceramic material.  The asserted method claims will require detailed knowledge about the particular steps used to manufacture BIOLOX delta, as well as detailed knowledge about the characteristics of certain ingredients used and intermediate mixtures created during the process. *Patent*, Ex. 2 at col. 15 (claim 7).  CeramTec, not its customers, is in the best position to respond to these claims.

Finally, CeramTec has positioned itself as the true defendant early in this case.  The parties have not met for their initial pretrial conference in the customer suits.  Accordingly, the parties have not invested significant time or resources into the customer suits to provide reason to continue these litigations.

## Conclusion

For the foregoing reasons, the Court should stay this customer suit so that the true parties in interest, CeraMedic and CeramTec, can more efficiently litigate and resolve the issues related to all of the customer defendants.

Dated: October 17, 2014 Respectfully submitted,

*/s/ Charles B Walker, Jr.*
John D. LaDue (19039-71)
Erin Linder Hanig (29113-71)
LADUE CURRAN KUEHN
200 First Bank Building
205 Jefferson Blvd.
South Bend, IN 46601
Telephone: (574) 968-0760
Facsimile: (574) 968-0761
jladue@lck-law.com
elinder@lck-law.com


Peter F. Felfe
Charles B. Walker, Jr.
FULBRIGHT & JAWORSKI LLP
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
peter.felfe@nortonrosefulbright.com
charles.walker@nortonrosefulbright.com


*Counsel for Defendant*
Biomet, Inc.

**Certificate of Service**

I hereby certify that on October 17, 2014, I electronically filed the forgoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing by electronic mail to all attorneys of record:

        COUNSEL FOR PLAINTIFFS

        John M. Desmarais PHV
        Laurie Stempler
        Kevin K. McNish
        DESMARAIS LLP
        230 Park Avenue
        New York, NY 10169
        Telephone: (212) 351-3400
        Facsimile: (212) 351-3401
        jdesmarais@desmaraisllp.com
        lstempler@desmaraisllp.com
        kmcnish@desmaraisllp.com

        Michael J. Hays
        James M. Lewis
        TUESLEY HALL KONOPA LLP
        212 E. LaSalle Ave., Suite 100
        South Bend, IN 46617
        Telephone: (574) 232-3538
        Facsimile: (574) 232-3790
        mhays@thklaw.com
        jlewis@thklaw.com

        /s/ Charles B. Walker, Jr.